IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR509** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **JOSE JUNIOR MONROY,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the government's objections thereto (Addendum). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The plea agreement includes a provision pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) requiring a sentence of 33 months imprisonment, 3 years supervised release, and a $100 special assessment. The PSR reflects a sentencing guideline range of 30-37 months based on total offense level 18 and placement in criminal history category II. The government objected to the PSR according to the Addendum because: the PSR does not include an enhancement for obstruction of justice based on the Defendant's abscondment while on pretrial release; and the PSR includes a juvenile conviction previously unknown to the government, which resulted in criminal history category II. The objections are denied as moot, because the sentence contemplated in the plea agreement can be imposed within the applicable guideline range. No party objects to the facts of any portion of the Defendant's criminal history reported in the PSR, and

category II appears to be correct. The probation officer's assessment that obstruction of justice is not appropriate in this case appears correct.

IT IS ORDERED:

1. The government's objections to the Presentence Investigation Report (Addendum) are denied as moot;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 13th day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge